UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SECURITIES AND EXCHANGE COMMISSION  )
                                    )
            Plaintiff               )
                                    )
v.                                  )
                                    )
TREYTON L. THOMAS and               )
PEMBRIDGE GROUP, LTD.,              )
                                    )
            Defendants.             )
_____)

**DEFENDANT TREYTON L. THOMAS'**
**ANSWER TO COMPLAINT AND JURY DEMAND**

Now comes the individual defendant Treyton L. Thomas ("Thomas" or "Defendant") and in answer to the complaint filed by the Securities & Exchange Commission ("SEC"), hereby replies as follows:

**Summary**

1. Denied. Answering further, defendants did not announce their intentions to make a cash tender offer, nor did Imagis Technologies, Inc. Pembridge sent a letter to the board proposing that discussions be held with a view to taking the company private, and the merits of such, along with certain contingencies. Both Pembridge and Imagis stated that there could be no assurances that if such discussions were held, they would lead to a definitive agreement, or that any proposed transactions would be completed.

Imagis formed a Special Committee to evaluate the merits and conditions of said proposal and decided to proceed with discussions.

2. Denied.

3. Denied, other than admitting a press release was issued by Pembridge, which press release speaks for itself.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph makes statements as to legal standards to which no reply is necessary. To the extent facts are alleged; they are denied.

8. Since this paragraph states plaintiff's legal position, no answer is required.

### Jurisdiction

9. Defendant admits this Court has jurisdiction of this matter; otherwise denied.

10. Denied.

### Defendants

11. Admitted as to sentence one and only that Thomas was U.S. Adviser to Pembridge. Admitted that Thomas was a member of the Board of Directors of Imagis from on or about July 2002 to March 2004. Otherwise denied.

12. Admitted that Pembridge was a Nevis corporation; otherwise denied.

### Related Entities

13. Admitted, other than the allegation that Imagis stock is a penny stock; defendant has no knowledge as to the truthfulness of this allegation, and therefore denies.

14. Defendant is without information as to the truthfulness of the allegations in this paragraph, and therefore denies same.

15. Denied.

16. Denied.

17. Admitted that Pembridge issued a press release, which press release speaks for itself; otherwise denied.

18. Admitted that Pembridge issued a press release, which press release speaks for itself; otherwise denied.

19. Denied.

### Arrangement

20. Admitted as to a contact with a Connecticut based investment adviser; otherwise denied.

21. Denied.

22. Denied.

### Consultant Arrangement

23. Admitted that Thomas was asked by Imagis to enter into a consultant arrangement in December 2001; otherwise denied.

24. Admitted that Imagis issued a press release in January, 2002 which press release speaks for itself; otherwise denied.

25. Admitted.

26. Admitted that an article was published by Business Wire on or about February 21, 2002, which article speaks for itself; otherwise denied.

## Warrant Exercise

27.     Defendant is without information as to the truthfulness of this allegation and therefore denies same.

28.     Admitted that Pembridge issued a press release on or about March 6, 2002, which press release speaks for itself; otherwise denied.

29.     Admitted, other than as to the word "fraudulent" which is denied.

30.     Defendant is without information as to the truthfulness of this allegation and therefore denies same.

31.     Admitted that Pembridge issued a press release on or about March 6, 2002, which press release speaks for itself; otherwise denied.

32.     Denied.

33.     Admitted that a portion of the letter of March 6, 2002 is set forth accurately; otherwise denied.

34.     Defendant is without information as to the truthfulness of this allegation and therefore denies same.

35.     Defendant is without information as to the truthfulness of this allegation and therefore denies same.

36.     Defendant is without information as to the truthfulness of this allegation and therefore denies same.

37.     Defendant is without information as to the truthfulness of this allegation and therefore denies same.

38. Admitted that Pembridge and Imagis mutually agreed to extend the time frame to evaluate the merits and conditions of operating as a private company ; otherwise denied.

39. Admitted.

40. Denied.

41. Denied.

## First Claim

42. Thomas incorporates by reference his response to the allegations in ¶ 1-41 above, as if set forth in full herein.

43. To the extent this paragraph contains allegations of law, no answer is required; otherwise denied.

44. Denied.

45. Denied.

## Second Claim

46. Thomas incorporates by reference his response to the allegations in ¶ 1-41 above, as if set forth in full herein.

47. To the extent this paragraph contains allegations of law, no answer is required; otherwise denied.

48. To the extent this paragraph contains allegations of law, no answer is required; otherwise denied.

49. Denied.

50. Denied.

**Affirmative Defenses**

The Complaint fails to state a claim for relief and should be dismissed.

**Prayers for Relief**

Defendant Thomas requests that the Court enter judgment for the Defendant.

        Respectfully submitted,

        Treyton L. Thomas
        By his attorneys,


        _____
        Michael A. Collora (BBO #092940)
        Maria R. Durant (BBO #558906)\
        DWYER & COLLORA, LLP
        600 Atlantic Avenue
        Boston, MA  02210
        (617) 371-1000

Dated:   November 23, 2004

    DEFENDANT CLAIMS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


CERTIFICATE OF SERVICE

    I, Michael A. Collora, hereby certify that on this 23rd day of November, 2004, I served a copy of the foregoing document by hand upon Daniel O'Connor, Esq., Securities & Exchange Commission, 73 Tremont Street, Boston, MA  02108.

        _____
        Michael A. Collora