## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. 04-cv-12315-PBS |
| v. | : |
| | : |
| TREYTON L. THOMAS and | : |
| PEMBRIDGE GROUP, LTD., | : |
| | : |
| Defendants. | : |

## FINAL JUDGMENT AS TO DEFENDANT TREYTON L. THOMAS

The Securities and Exchange Commission having filed a Complaint and Defendant Treyton L. Thomas having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

1

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any

2

officer, director, partner, employee or other person acting on behalf of the
offering person of such issuer, unless within a reasonable time prior to any such
purchase or sale such information and its source are publicly disclosed by press
release or otherwise; or

(b)     communicating material, nonpublic information relating to a tender offer, which
        Defendant knows or has reason to know is nonpublic and knows or has reason to
        know has been acquired directly or indirectly from the offering person; the issuer
        of the securities sought or to be sought by such tender offer; or any officer,
        director, partner, employee, advisor, or other person acting on behalf of the
        offering person of such issuer, to any person under circumstances in which it is
        reasonably foreseeable that such communication is likely to result in the purchase
        or sale of securities in the manner described in subparagraph (a) above, except
        that this paragraph shall not apply to a communication made in good faith

        (i)     to the officers, directors, partners or employees of the
                offering person, to its advisors or to other persons, involved
                in the planning, financing, preparation or execution of such
                tender offer;

        (ii)    to the issuer whose securities are sought or to be sought by
                such tender offer, to its officers, directors, partners,
                employees or advisors or to other persons involved in the
                planning, financing, preparation or execution of the
                activities of the issuer with respect to such tender offer; or

        (iii)   to any person pursuant to a requirement of any statute or

3

rule or regulation promulgated thereunder.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall disgorge $135,336.30, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $37,063.70, for a total of $172,400.00.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $110,000 pursuant to Section 21(d) of the Exchange Act.

4

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall satisfy his disgorgement, prejudgment interest and penalty obligations by making payments according to the following schedule:

> (1) $75,000, within 10 of days of entry of this Final Judgment;
>
> (2) $75,000, within 180 of days of entry of this Final Judgment; and,
>
> (3) the balance, $132,400, plus $7,600 of post judgment interest, assuming the
>
> prior payments were made in a timely manner, within three hundred and sixty-
>
> five days of entry of this Final Judgment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court. Payments shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Treyton L. Thomas as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of this correspondence shall be delivered contemporaneously to R. Daniel O'Connor, Securities & Exchange Commission, 33 Arch Street, Boston, MA 02110. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

5

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2006

UNITED STATES DISTRICT JUDGE

6